# Boyle *against* The Franklin Fire Insurance Co.

A loss incurred on a fire insurance policy, the amount of which is fixed by the award of persons mutually chosen by the insured and insurer, may be levied on by attachment in execution as a debt due to the insured.

ERROR to the District Court for the city and county of *Philadelphia*.

The plaintiff, William V. Boyle, obtained a judgment in that court against Robert Woods & Brother, in September 1842, for $139.41. He then issued an attachment in execution and levied it in the hands of The Franklin Fire Insurance Company. They answered interrogatories and pleaded *nulla bona*, and on the trial a verdict and judgment were given in their favour.

The answer of the Company set forth that on the 10th January 1842 they made insurance for Robert Woods & Brother of a stock of groceries contained in their store, No. 450 North Front street, to the amount or value of $5850, and on fixtures thereon $150, together $6000, for the term of one year, as will more fully appear by the policy of insurance hereto annexed. Information having been given to the respondents that a fire had taken place upon the premises on the 12th day of March last, two persons, viz., Morris Patterson and Jonathan Patterson, were indifferently chosen arbitrators, in pursuance of the provision of the said policy, to estimate the damage or loss to the said goods by the said fire. The said arbitrators made an award in writing dated the 13th day of June 1842, as follows, viz.:

" Messrs. R. Woods & Brother v. Franklin Insurance Co. Appraisement of goods damaged by fire, 450 North Front." (Then followed a list of articles, &c., the appraisement concluding as follows:)

" Award of the appraisers taken from the best evidence offered them, viz., the examination of the premises after the fire, the bills of merchandise purchased, the evidence of those employed, &c.

[Boyle v. The Franklin Fire Insurance Co.]

Amount of appraisement .............................$2718.14
Less value damaged goods ............................  838.12
                                          _____
                          Balance ..................$1880.02
                          Morris Patterson, ⎫
                          Jon. Patterson,   ⎬ Appraisers.
June 13th 1842."                            ⎭

Annexed to which award was a list or statement of teas alleged by the insured to have been on the premises at the time of the fire, in respect to which the appraisers reported as follows, viz.:

" Of the above invoice of teas, a portion of them remains, being found by the appraisers on the premises.  A difference of opinion arose between the two first appointed appraisers as to the justice of including them in the appraisement of goods damaged or destroyed. · In consequence, a third person was called in to decide the question, who gave it as his opinion that there was not sufficient evidence to warrant the appraisers in including all the teas in the general account, although all agree that some portion of said teas should be allowed the insured.  We herewith submit the evidence in relation to the teas.

                          Morris Patterson, ⎫
                          Jon. Patterson,   ⎬ Appraisers.
June 13th 1842."                            ⎭

" I agree with the appraisers in the above award.

                          John Truck."

Which sum of $1880.02, so as above awarded, together with the amount insured on the fixtures, and a reasonable and sufficient allowance for any loss that may have been sustained by the insured in respect to the invoice of teas aforesaid, the respondents have ever since the date of the said award been ready and willing to pay over to the person or persons entitled to receive the sum.   And the respondents further answering say that on the 8th day of September last a writ of summons in covenant out of this court, returnable on the first Monday in October 1842, was served upon them, and that since the service of the said summons, certain writs of attachment in execution founded upon judgments obtained against the said Woods & Brother have been served upon them, the name of the plaintiff and date of service in which are as follows, viz.:

| | | | |
|---|---|---|---|
| D. C. | 1842, September 28th. | William V. Boyle ................ | $139.41 |
| C. P. | " October 22d. | C. Cheeseborough ................ | 46.12 |
| D. C. | " " 22d. | Wm N. Woods .................... | 2131.77 |
| C. P. | " " 22d. | Comm. N. Liberties ............. | 21.00 |
| D. C. | " " 25th. | David Rankin ................... | 1205.96 |
| D. C. | " November 3d. | Wm Taylor & Co. ................ | 158.00 |

That they have in their foregoing answer to the first interrogatory stated the amount of the appraisement of the goods alleged to have been lost or destroyed by fire in the store of Woods &

[Boyle v. The Franklin Fire Insurance Co.]

Brother, and for which they the respondents are alleged to be liable as insurers, and they further answer that they are not otherwise indebted to them as far as they know or believe.

The amount for which they are liable is payable on demand by the person or persons entitled to receive the same, subject to such deduction for their counsel fees and expenses in the several attachments in execution issued against them as aforesaid, as may be suitable and proper; which said counsel fees and expenses they claim to retain out of the said fund.

That they have had no business transactions with the defendants other than what they have stated and set forth fully, and excepting an insurance on a stock of groceries in a store corner Fourth and Poplar lane, upon which there has been no loss. And the respondents being advised that the amount payable by them under the said policy of insurance may not in law be subject to an attachment in execution, submit the same to the judgment of the court, and pray that they may have the benefit of the objection, as if they had suggested the same by plea or exception to further answer.

On the trial the plaintiff read in evidence the interrogatories and the answer of the garnishees. The defendant offered no evidence. The Judge charged the jury that upon the facts the plaintiff was not entitled to a verdict, inasmuch as no debt appeared thereby to be due according to the proper construction of the Act of Assembly relating to attachments of execution.

Errors assigned:

1. In charging the jury that the answer of the garnishees did not disclose the existence of such a debt as could be attached.

2. In charging that the answer did not show any such debt as could be attached according to the proper construction of the Act of Assembly relating to attachments of execution.

*St. G. Campbell*, for the plaintiff in error, contended that after the award the claim of Woods & Brother was a debt due to them, and as such came within the attachment law. *Stewart* v. *M'Minn*, (5 *Watts & Serg.* 100). The action of covenant brought afterwards by them could not make it less so. The policy and a reference had and an award under it would make it a bar to such action, though the mere agreement to refer in the policy would not oust the jurisdiction of the court. 1 *Wils.* 129.

*Cadwalader* and *T. I. Wharton*, contra. If there were no award, the attachment would not lie. 2 *Show.* 373; 5 *Taunt.* 201. The question is as to the effect of the award or adjustment of the loss. The submission, which was in writing, was to appraise and estimate the loss or damage, leaving open the question as to liability, and to whom. It does not resemble an adjustment on a marine policy. Under this policy the insurer has an option to replace

[Boyle v. The Franklin Fire Insurance Co.]

the property or pay the money. The claim was and is for unliquidated damages, notwithstanding the appraisement. It is not like a bond, which may be attached. The award was not acquiesced in by the insured, and therefore the insurer may reject it.

The opinion of the Court was delivered by

KENNEDY, J.—It is unnecessary to decide in this case whether, if the claim by Woods & Brother against the Franklin Insurance Company had not been ascertained and made certain as to its amount, it could have been attached under process sued out on the judgment which the plaintiff, Boyle, had obtained against Woods & Brother, seeing it was ascertained and rendered certain by the award of arbitrators mutually chosen for that purpose by and between them and the Franklin Insurance Company. By the answers of the Company, it appears that the amount of the claim which Woods & Brother have against them under the policy of insurance has been duly ascertained by arbitrators, chosen by the parties for that purpose, in pursuance of a provision contained in the policy to that effect; and that they are willing to pay the same to those entitled to receive it, whoever they may be. The claim of Woods & Brother being thus liquidated and rendered certain, is as clearly and properly the subject of attachment as if it were a specific sum due upon a bond given by the Company to Woods & Brother, which it is admitted by the counsel for the defendants would be attachable.

Judgment reversed and *venire de novo* awarded.