*Third Judicial District,*

## In the Court of Common Pleas of Lehigh County.

### RAUCH & CO. *v.* GOOD.

Under the act of March 17th, 1869, an attachment will lie upon a demand of unliquidated damages for an alleged breach of contract.

**Sur motion to dissolve the writ of attachment.**

Opinion delivered February 18, 1873, by

LONGAKER, P. J. This proceeding was commenced under the attachment act of March 17, 1869; and the defendant moves to dissolve the writ for the reason that the plaintiff's affidavit shows the demand to be for unliquidated damages upon an alleged breach of contract.

By the first section of this act the affidavit must set forth the nature and the amount of the indebtedness; by the third section, the defendant may enter into a bond in double the amount of the *debt* or *demand claimed*, conditioned, &c., and retain the possession of the goods attached; and by the fourth section in case of personal service, residence, or appearance, the court shall proceed in the case in like manner as in a case of *summons for debt, regularly issued and duly served.*

In these several sections occur the words *indebtedness, debt or demand,* and the phrase, " *the case shall* proceed as in a case of *summons for debt* regularly issued and duly served;* " and all of them become the subject of interpretation. A more obscure, inartistic and confusing act could not well be drawn. If the first section had provided that the writ should lie in actions of debt, the rules of general practice would then admit of no doubtful interpretation; but, debt as defining the relation of parties having claims against each other, and which are sought to be enforced by suit, is not restricted to an action of debt alone; while demand has a much more comprehensive signification. Debt in its restricted sense is " a sum of money due by certain and express agreement; as by bond for a determinate sum, a bill, note, a special bargain, or rent reserved on lease, where the amount is fixed and specific, and does not depend upon any subsequent valuation to settle it" : 3 Bl. Com. 154: in its enlarged sense. Hubbard, J. 3 Metcalf Rep. 522, 526, says, "the word debt is of large import, including not only debts of record, or judgments and debts by specialty, but also obligations arising under simple contracts to a very wide extent;" and in its popular sense includes all that is due to a man under any form of obligation or promise. Demand, according to Lord Coke, is one of the most comprehensive terms in the law: Co. Litt. 291, Beardsly, J. 1 Denio's Rep. 257, 261, says, " it is of much broader import than debt, and embraces rights of actions belonging to the debtor beyond those which may be appropriately called debts." 2 Hill's Rep. (N. Y.) 220, 223. A release of all manner of demands is the best release that a man can have, and shall inure most to his advantage: Litt. Sec. 508.

Giving the proper legal import to each of these sections construed together, so that each shall be operative in its particular sphere, it becomes apparent that the legislative intent was to give the right of action in all cases of demands arising *ex contractu.* This act is to be liberally construed as were its precursors—the foreign attachment acts of 1705 and 1836. By the act of 1705, the writ was to be levied only upon the *goods and chattels* of non-residents, yet it was held that a levy upon real estate was good. McClenachan et al. v. McCarty, 1 Dallas, 377; Ludlow v. Bingham, 4 Dallas, 55; and Schacklett & Glyde's Appeal, 2 Harris, 329, quotes with approbation these two decisions.

There are some *dicta* that foreign attachment founded upon claims *ex*

*contractu*, will not lie for unliquidated damages; nor in actions *ex contractu* sounding in tort; but no adjudicated case is found in which it has been denied in actions *ex contractu*. In the Girard Fire Insurance Company v. Field, 9, Wright, 131, it was held to lie against a policy of insurance for loss occasioned by fire, before the amount due had been ascertained by an assessment of the damages; in Strock v. Little, 9, Wright 418, it was sustained in account render; in Thornton v. Bonham, 2, Barr, 102, it was held to lie for the penalty of a bond to the Sheriff for an appearance; in the Franklin Fire Insurance Company v. West, 8 W. & S., 350, it was held to lie for a claim uncertain at the time of the attachment, but rendered certain at the time of the answers to the interrogatories.

Construing the act of 1869, by the aid of these authorities, it must be held that an attachment will lie upon a demand of unliquidated damages for an alleged breach of contract.

The motion to dissolve is therefore denied.

Hon. *John D. Stiles* and *R. E. Wright*, Esq., for the motion.

Messrs. *E. G. Schwartz* and *Thomas B. Metzgar*, contra.