## Silverwood *against* Bellas.

If, after foreign attachment laid, the garnishee receives money for the special purpose of paying it to the debtor, and does so pay it, he is liable to account therefor to the attaching creditor.

ERROR to the common pleas of *Northumberland* county.

Hugh Bellas against David Richardson, with notice to William Silverwood. Foreign attachment. Upon interrogatories filed by the plaintiff, the defendant, among other things, answered:

" That on the 23d day of April 1834, he received *the sum of* 145 dollars 20 cents, being the amount of a judgment in favour of David Richardson against John Pensyl, in the court of common pleas of the county of Northumberland, which had been collected by virtue of legal process by Charles G. Donnel, attorney for the said David Richardson; which money was delivered to the said defendant by the said Charles G. Donnel, in the special trust that the said defendant should deliver the same into the hands of the said David Richardson; and that the said defendant, in pursuance of the said special trust, carried the said sum to the said Richardson and delivered the identical money to him."

To this answer the defendant demurred, and the question argued was whether the said garnishee was accountable, under the circumstances stated, to the plaintiff for the amount of the money thus received and paid over by him.

The court below (Lewis, president) was of opinion that he was liable, and rendered a judgment for the plaintiff for that amount.

*Donnel* and *Greenough,* for plaintiff in error, cited *Com. Dig.* 717; 1 *Dall.* 380.

*Bellas, contra,* cited *Serg. on Att.* 104–5.

[Silverwood v. Bellas.]

The opinion of the Court was delivered by

SERGEANT, J.—By the provisions of the act of 1705, goods or effects which come to the hands of the garnishee after the attachment is served, are liable upon that attachment. It enacts that if the garnishee plead he had no goods or effects in his hands at the time of the attachment, or at *any time after*, and the plaintiff prove the contrary, the jury shall find for the plaintiff. By the act of 1789, the garnishee may be compelled to answer interrogatories touching the goods and moneys, &c., of the defendant in his possession, or due and owing at the time of the service of such writ of attachment, or at any other time. The rule is the same under the custom of London, from which our acts of assembly were borrowed; this liability being limited, however, to the time of the plea pleaded. In Taylor *v.* Gardner, *Serg. on Att.* 104, Judge Washington enforced the strict language of the act in a case attended with circumstances which were peculiarly strong in favour of the garnishee. In the present case, the attachment was laid in the hands of the garnishee, prior to April term 1831; the money came to his hands on the 23d of April 1834, and the *fieri facias* against the garnishees did not issue till the year 1836. It is clear, therefore, that it falls within the scope of the act of 1705 and its supplements.

The money which thus came to the defendant's hands on the 23d of April 1834, was delivered to him by Mr Donnell, under the special trust to deliver it over to Richardson, which he accordingly did. It has been strenuously insisted that, under these circumstances, the money was not liable to attachment in the hands of Silverwood, the garnishee, he being a mere messenger or carrier of the money, and not having any kind of property in it. But we can see nothing that distinguishes this from every other case in which a person has money in his hands belonging to another, or in trust to deliver it over to that person. When once received by Silverwood, it became a debt or duty from him to Richardson, for which a suit would have been maintained by Richardson and the money recovered, were it not that the attachment had been laid in the defendant's hands, which was a lien upon it, and constituted a legal restraint from paying it over. His doing so afterwards was at his own risk. It is clear that Silverwood, having lawfully received the money, had a qualified property in it while in his hands, such as every bailee, depositary or trustee has. He could in no point of view be considered as a common carrier, even if such carrier has, in this state, any privilege exempting him from liability to foreign attachment under our acts of assembly, which may well be questioned.

. Judgment affirmed.