## TRACY v. BRIDGES AND A GARNISHEE.

December 21, 1839.

*Rule to show cause why judgment should not be entered against garnishee.*

The earnings of a barkeeper accrued *since* the service of an attachment of execution on his employer as garnishee, are not bound by the writ.

THE plaintiff had judgment (Dec. term, 1838, No. 35,) against Bridges, who was a barkeeper in a hotel. The plaintiff issued an attachment of execution, in which the employer of the said Bridges, was the garnishee, and the attachment was served July 24, 1839. On interrogatories, the garnishee filed his answers, setting forth that there was nothing due by him to the defendant, on the day of the service of the attachment, but *since* then, defendant had earned 400 dollars, which he the garnishee had paid to the defendant.

The plaintiff obtained a rule to show cause why judgment should not be entered against the garnishee for the sum of 400 dollars.

*Guillou*, for the rule.
*Brooke*, contra.

PER CURIAM.—The 35th section of the act of 16th June, 1836, (*Stroud's Purd. tit. Execution*,) allows the attachment of execution " in the *manner*" of a foreign attachment, but does not give to it all the *effect* of the latter kind of attachment. On the contrary, the attachment of execution, in case of a debt, is described in the words " debt due to the defendant." The sum of 400 dollars, spoken of in the answers, was not a debt due at the time of the service of the attachment.

Rule discharged.