# Franklin Fire Insurance Company *against* West.

Any debt due by the garnishee in a foreign attachment to the defendant at the time of the answer to interrogatories is embraced by the attachment.

A claim uncertain at the time of the attachment but rendered certain at the time of the answer to the interrogatories, is embraced.

An assignment after the attachment is subject to its lien, and will not convey as against the plaintiff in the attachment a claim uncertain at the time of the attachment, but fixed and ascertained when the answers to the interrogatories are put in.

ERROR to the District Court of the city and county of *Philadelphia.*

West, Oliver & Co. instituted a foreign attachment to June Term 1843 against H. Diffenderfer & Co., and summoned the Franklin Fire Insurance Company as garnishee. The writ of attachment was sued out and served on the 7th March 1843. Judgment was obtained against the original defendants, and this *scire facias* issued against the garnishee to December Term 1843. Interrogatories were filed by the plaintiffs, and the defendants filed the following answers:

1. That on the 6th March 1841 they executed a policy of insurance in favour of H. Diffenderfer & Co., by which in consideration of a premium of $37.50 these respondents insured the sum of $10,000 upon H. Diffenderfer & Co.'s stock of dry-goods contained in the two story brick buildings No. 43 Baltimore street, Baltimore, Maryland, for the term of one year from the 4th day of the said month of March 1841; and by endorsements upon the said policy the said insurance was continued for one year, viz: from the 4th day of March 1842 to the 4th day of March 1843 for the same sum of $10,000, and the same premium, viz., $37.50, was paid upon the said continuation of insurance. And the respondents annex hereto a copy of said policy of insurance.

2. That they received notice and information that a fire occurred upon the premises in the night of the 6th February 1843, by which the goods insured were destroyed or injured. The loss sustained by the said insured in consequence of the said fire was on the 5th day of September last (1843) settled and adjusted at the sum of $7333.34, which sum became payable to the insured, their heirs, executors, administrators or assigns, according to the terms of policy.

3. That they had not any goods, moneys, rights, credits or effects of H. Diffenderfer & Co. or of either of them in their pos-

session when the said attachment was laid or since, other or further than they have stated in answer to the 2d interrogatory, to which they refer in answer to this interrogatory. And the respondents further answering say that on the 11th April 1843, a notice of which the following is a copy, was served upon their agent in the city of Baltimore, viz:

" F. H. Smith, Esq.           }
   Agent Franklin Ins. Co.   }

" Sir—We have to inform you that we have assigned our claim for insurance on the Franklin Fire Insurance Company to R. Carter & Son.

H. Diffenderfer & Co.

*Baltimore, April* 11*th*, 1843."

which notice was forthwith transmitted to these respondents by their agent F. H. Smith, Esq., and on or about the 5th September 1843, one of the said firm of R. Carter & Son presented to the respondents the said policy of insurance, which contained the following endorsement:

" For value received we hereby assign to R. Carter & Son all our right, claim and interest in and to the within policy of insurance, and all and every sum or sums of money which may or might be collected, recovered or received under the same.

(Signed)          H. Diffenderfer & Co.

*April* 11*th*, 1843."

4. And the said R. Carter & Son thereupon required payment to them of the amount due upon the said policy of insurance.

And the respondents further say that they have paid to the said R. Carter & Son as assignees aforesaid, the sum of $6333.34, and have retained in their hands the sum of $1000 to meet the attachment laid by the plaintiffs in this case, if they shall be entitled to receive out of the same the amount of their claim upon H. Diffenderfer & Co.

And these respondents submit to the decision of the court whether upon the facts stated in their foregoing answers, the claim of the said H. Diffenderfer & Co. upon them under the covenants in the said policy of insurance was the subject of a foreign attachment at the time the attachment in this case was laid, or at any time afterwards.

The court below rendered judgment for the plaintiffs on the answers filed.

Errors assigned:

1. The court erred in rendering judgment for the plaintiffs for the amount of their demand on the answers of the garnishee.

2. They ought to have rendered judgment for the garnishee, the defendant, on the answer filed.

*T. I. Wharton*, for the plaintiffs in error.
*Gibons* and *F. W. Hubbell*, contra.

The opinion of the Court was delivered by

SERGEANT, J. — A foreign attachment under the Act of 13th June 1836, binds all the estate and effects of the defendant in the possession or charge of the garnishee, or due and owing from him to the defendant, as the case may be, at the time of the service of such writ, or at any other time; and by the 55th section, the garnishee is bound to answer interrogatories to those points; and under the 58th section, if issue be taken and trial had, the jury are to find what goods or effects were in the hands of the garnishee at the time the attachment was executed, or afterwards. If, therefore, there was any debt due by the garnishee in the present instance at the time of the answer to the interrogatories, it was embraced by the attachment. That there was is clear, for the amount of the claim had then been adjusted and fixed; it became a debt due and owing to the defendant, and such as was decided in *Boyle* v. *The Franklin Fire Insurance Company*, (7 *Watts & Serg.* 76), to be liable to an attachment. The assignment having been made by the defendant after the attachment levied, was subject to all the liens under it created by the Act of Assembly, and one of these included debts due subsequently to the service of the writ. It is, therefore, unnecessary to determine whether the claim for the loss was originally liable to the foreign attachment; for, however unsettled it may have been at first, it became fixed by the adjustment before the answers of the garnishee, and in sufficient time within the law to be bound by the attachment.

Judgment affirmed.