## Sheetz *versus* Hobensack.

In the case of a foreign attachment the plaintiff may recover for effects which came to the hands of the garnishee *after* the service of the writ of attachment; and as the Execution Act of 16th June 1836 declares that the execution attachment may be levied in the manner allowed in the case of a foreign attachment, the garnishee is therefore liable for money belonging to the defendant in the attachment which has been received by the garnishee after the service of the writ.

ERROR to the Common Pleas of *Montgomery county*.

This was the case of an attachment execution, issued under the Act of 16th June, 1836, relating to executions. The execution attachment in question, was issued on the judgment of Sheetz *v.* Samuel Schlater, for $106.18. The attachment execution issued against Samuel Schlater, defendant, and John Hobensack, as garnishee.

It appeared that John Schlater, the father of Samuel Schlater, the defendant in the judgment, by his will directed a part of his estate to be invested in real security by his executors, and the interest thereof to be paid annually to his son Samuel, during his life. The executors invested an amount in a mortgage which was executed on the 22d March, 1851. The executors on their own petition were discharged from the trust, and in November, 1851, Hobensack was appointed trustee in their place. The first year's interest under the mortgage was payable on the 1st day of April, 1852.

The attachment execution was executed on the 23d February, 1852. The direction in the writ was to attach all debts, moneys, effects, &c., legacy or legacies in the hands of John Hobensack, trustee.

The trustee, in answer to an interrogatory, admitted that $1291.04 was invested in the mortgage in trust for Samuel, and that the mortgage had been assigned to him. That he had not received any money belonging to Samuel Schlater at the time *of the service of the attachment*, but that on or about the 30th April, 1852, he, the trustee, collected from the mortgagor $77.46; and after deducting certain costs and expenses which reduced the sum to $50 or less; which balance of about $50 remained in his hands. It was also stated by him, that on the 29th May, 1852, another attachment execution was served on him, the same having issued on another judgment against Samuel Schlater.

[Sheetz v. Hobensack.]

On 15th June, 1852, a motion was made for the plaintiff in the first attachment, for judgment against the garnishee on his answers; but the Court refused the judgment and dismissed the rule. For this, error was assigned.

The Act of 13th April, 1843, provides that all legacies given, and lands devised to any person, and any interest he may have in real or personal estate of any decedent, by will or otherwise, which are subject to foreign attachment by the Act of 27th July, 1842, shall be subject to be attached and levied upon in satisfaction of a judgment, in the same manner as debts due are made subject to execution by the 22d section of the Act of 16th June, 1836.

The Act of 27th July, 1842, provides that all legacies, &c., and any interest which any person, or persons may have in the real or personal estate of any decedent, &c., shall be subject and liable to be attached by writ of foreign attachment, in the hands or possession of the executor or administrator, or in whose hands or possession soever the same may be, as fully and effectually as in other cases, &c. The provision, however, is not to extend to legacies or distributive shares due to married women.

The Act of 1836 provides that from and after the service of such writ (viz., the attachment execution), all stock belonging to the defendant, &c., and all debts, and all deposits of money, and all other effects belonging or due to defendant, &c., shall remain attached, &c., in the manner heretofore practised and allowed *in the case of foreign attachment.*

*Fox,* for plaintiff in error.—The interest in this case was growing due, and the money subsequently came into the hands of the garnishee, and was bound by the writ: 5 *Harris* 440, Fulwiler *v.* Hughes; 8 *W. & Ser.* 352, Ins. Co. *v.* West; 8 *Id.* 219, Bank *v.* Little.

*Boyer,* for defendant.—It was alleged that Hobensack was not to invest the fund, as it had been already invested; but was merely to collect the annual interest and pay it over. That, therefore, when the attachment was served, there was nothing in his hands which was then payable, or which was to become due.

The opinion of the Court was delivered, April 4, by

LEWIS, J.—The parties having treated the order of the Court below as a final judgment, subject to a writ of error, we dispose of the question presented for decision.

By the custom of London, "if A. attaches the money or goods of M. in the hands of R., and if R. have no money or goods in his hands belonging to M., at the time when the attachment shall be made; and it shall happen that six months after R. shall become

[Sheetz *v.* Hobensack.]

indebted to M., or have goods in his hands belonging to M., the plaintiff A., by virtue of the attachment made as aforesaid, shall recover the money or goods he shall prove came to the hands of R., *after the attachment made.* The general issue upon all attachments being whether R., who is called the garnishee, at the time of the attachment made, *or at any time after*, had any money or goods of M. in his hands:" *Priv. Lond.* 255, 261 ; *Sergeant on Attach.* 102. By the Act of 1705, if the plaintiff proved that goods of the debtor came to the hands of the garnishee " *at any time after*" service of the writ, he was entitled to recover. By Act of 1789 the garnishee was required to answer not only touching goods in his hands at the time of the service of the writ, but in relation to those which came to his hands " *at any other time.*" The Act of 13th June, 1836, embraces the substance of these provisions. In 1811 it was decided upon the construction of the statutes of Pennsylvania, by the Circuit Court of the United States, that the attachment bound goods or money which came to the hands of the garnishee *after the service of the writ :* Taylor *v.* Gardner, *Sergeant on Attach.* 103. And in Silverwood *v.* Bellas, 8 *Watts* 420, the same doctrine was distinctly affirmed by the Supreme Court of Pennsylvania so as to bind by the attachment a sum of money which had been placed by an attorney in the hands of the garnishee, as a mere messenger, to convey to the debtor, *three years after the service of the writ of attachment.* This fully settles the practice, on this point, in foreign attachments. The Act of 16th June, 1836, which authorizes the attachment of debts or deposits of money in execution, expressly declares that they may be attached and levied in satisfaction of the plaintiff's judgment *in the manner allowed in the case of a foreign attachment.*" The rule is, therefore, the same in both forms of proceeding. It is made so by express enactment, and there is no reason why the Courts should desire to introduce a new rule for attachments under the Act of 1836, after the profession and the people have become familiar with, and the legislature has adopted the practice in foreign attachments.

The sum of $50 is admitted by the garnishee to *have been* received by him since the service of the writ. According to the views already stated, the plaintiff was entitled to judgment for that sum.

Judgment reversed, and judgment for the plaintiff in error, for the sum of $50.