## Mahon *et al.* versus Kunkle *et al.*

*Attachment-execution.—Money coming to hands of garnishee after service of the writ, bound by the attachment.*

Money coming into the hands of a garnishee after the service of an attachment-execution, and before it is dissolved, is bound thereby.

ERROR to the Common Pleas of *Franklin county*.

This was an attachment-execution, sued out by Kunkle & Stevick on a judgment, against Sarah Mahon, in which George Johnston and Frederick Cressler were summoned as garnishees.

After the usual interrogatories, &c., the following case was stated for the opinion of the court:—

Robert Mahon was seised in his demesne as of fee, of and in a certain tract of land situate in Southampton township, Franklin county, containing three hundred and forty-two acres and one hundred and forty-four perches. He made his will, bearing date the 8th day of May, A. D. 1845, which was duly admitted to probate by the register of Franklin county on the 13th day of the same month. The testator left surviving him a widow named Sarah, who is the defendant in the above action. By his will he made the following provision for her:—

" I give and devise to my wife Sally the one-third of the income of my farm ; that is to say, the one-third of the interest of my farm during her lifetime." In a subsequent clause of his will he devised as follows : " I give and devise to my son David Mahon my farm that I now reside on, with the exceptions hereinafter mentioned." And again the testator further directs as follows : " My son David has to give the one-third of the income of the land or lands bequeathed to him, he has to pay to my wife Sally during her lifetime."

David Mahon and wife conveyed the land devised by said will unto George Johnston, the garnishee in this action, by deed bearing date the 1st day of November, A. D. 1850, " subject nevertheless to the widow's dower charged on said land, and the payment of the annual interest thereon to said widow during her life." The amount of said annual interest payable to the widow yearly during her natural life was $198, and by an arrangement between her and the devisee of the land, prior to the sale to George Johnston, became due and payable on the 10th day of May in each year. The plaintiffs recovered a judgment against the widow to No. 72, August Term, A. D. 1858, of the Court of Common Pleas of Franklin county, for $240. On the 18th of April 1862 they caused an attachment-execution to be issued on said judgment to No. 22 of August Term, A. D. 1862, to levy and attach the dower coming to the widow from the land bought

[Mahon *et al. v.* Kunkle *et al.*]

by George Johnston. The writ was served by the sheriff of Franklin county, on the 22d day of April, A. D. 1862, and George Johnston summoned as a garnishee. The money which became due to the widow for her dower, on the 10th day of May, A. D. 1862, had been paid in full to her by George Johnston, the garnishee, prior to the issuing and service of the attachment-execution. The interest on the dower, to wit, $198, which commenced to accrue on the 10th day of May, A. D. 1862, and which became due and payable to the widow on the 10th day of May, A. D. 1863, was paid over to her by the garnishee, after it became due, and after the service of the attachment-execution upon him. Sarah Mahon, the widow, has other property besides this dower, worth $300. The will of Robert Mahon and the deed from David Mahon and wife to George Johnston, are made part of this case stated. If upon this statement of facts the court should be of opinion that the interest upon the dower, becoming due on the 10th day of May, A. D. 1863, was bound by the attachment-execution in the hands of the garnishee, and that upon the case stated the plaintiffs are entitled to recover, then judgment to be entered for said plaintiffs for $175.08 and costs; otherwise judgment to be entered for the defendant for costs.

16th April 1864, judgment was entered by the court (NILL, P. J.) on the case stated in favour of plaintiffs for $175.08, with interest and costs, against garnishee.

Which was the error assigned.

*J. M. D. Sharpe,* for plaintiffs.

*F. S. Stumbaugh* and *John Stewart,* for defendants in error.

The opinion of the court was delivered, May 24th 1865, by

READ, J.—Sarah Mahon, under the will of her husband, took one-third of the income of his farm ; that is to say, one-third of the interest of his farm during her lifetime, which farm he devised to his son David, who was directed to pay the one-third of the income of the same to the said Sally during her lifetime. This farm was conveyed by David Mahon and wife to the garnishee, " subject nevertheless to the widow's dower charged on said land, and the payment of the annual interest thereon to the said widow during her life."

The annual interest payable to the widow was $198, which was arranged to be paid on the 10th May in each year. On a judgment obtained in 1858 by the plaintiff against Mrs. Mahon, an attachment-execution was issued on the 18th of April 1862, and served on the defendant and the garnishee, and afterwards, on the 10th May 1863, one year of said annuity fell due, and upon a case

[Mahon *et al. v.* Kunkle *et al.*]

stated, the court below entered judgment in favour of the plain-
tiffs for $175.08, with interest and costs, against the garnishee.

Since the decision in Sheetz *v.* Hobensack, 8 Harris 412, this
is not an arguable question. That case following, as prescribed
by the Act of Assembly, the practice in foreign attachment, which
is clearly laid down in Silverwood *v.* Bellas, 8 Watts 420, and
The Franklin Insurance Company *v.* West, 8 W. & S. 350, de-
cided that money coming into the hands of the garnishee, after
service of the writ and before the attachment is dissolved, is
bound. That is virtually the present case, as the annual interest
fell due after the service of the attachment, and was money in the
hands of the garnishee, and a debt actually due by him therefor.

Judgment affirmed.