## David E. Kennedy, Inc., Appellant, *v.* Schleindl.

*Foreign attachment—Money received after writ served—Proceeding in rem.*

1. The object of a writ of foreign attachment is to compel the appearance of defendant, and to authorize such writ defendant must have property within the jurisdiction of the court, otherwise there is nothing to attach and no means of compelling an appearance or of securing plaintiff's claim.

2. Where there is nothing in the hands of the garnishee belonging to defendant at the time of service of writ of foreign attachment, money coming into his hands afterwards, before the return day of the writ, and before the filing of the interrogatories, is not bound by the writ.

3. The character of foreign attachment as a proceeding in rem cannot be transmuted into an action in personam against the garnishee, unless the initial requisite of jurisdiction exists, namely, property, or a right in property, of defendant, in the hands of the garnishee at the time of the service.

Silverwood v. Bellas, 8 Watts 240, overruled.

Argued April 20, 1927.  Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 219, Jan. T., 1927, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1925, No. 146, discharging rule for judgment against garnishee in foreign attachment, in case of David E. Kennedy, Inc., v. Fritz Schleindl, defendant, and Bonded Floors Co., Inc., garnishee.

Rule for judgment against garnishee in foreign attachment.  Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Rule discharged.  Plaintiff appealed.

*Error assigned* was order, discharging rule, quoting record.

*A. S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for appellant.—If the garnishee receives money of the debtor after the service of the writ, and before interrogatories and answers filed, it is bound by the attachment: Franklin Fire Ins. Co. v. West, 8 W. & S. 350; Sheetz v. Hobensack, 20 Pa. 412; Mahon v. Kunkle, 50 Pa. 216; Bremer v. Mohn, 169 Pa. 91; Somerset Coal Co. v. Steel Co., 224 Pa. 217; Mindlin v. Spinning Co., 261 Pa. 354; Falk v. Express Co., 79 Pa. Superior Ct. 99; Childs v. Digby, 24 Pa. 23; Glazier v. Jacobs, 250 Pa. 358, 361.

*C. Brewster Rhoads,* with him *Richard W. Slocum* and *Roberts & Montgomery,* for appellee.—A writ of foreign attachment does not bind indebtedness of the garnishee to defendant arising after the service of the writ and prior to filing answers to interrogatories, when at the time of service nothing was owing by the garnishee to defendant, no property of defendant was in the possession, custody or control of the garnishee, and there was no obligation of the garnishee to defendant matur-

ing in the future: Raymond v. Leishman, 243 Pa. 64; Pennoyer v. Neff, 95 U. S. 714; Mindlin v. Spinning Co., 261 Pa. 354; Penna. R. R. v. Pennock, 51 Pa. 244; Wiener v. Ins. Co., 224 Pa. 292; Falk v. Ex. Co., 79 Pa. Superior Ct. 99.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1927:

Plaintiff issued a writ of foreign attachment which was served upon the garnishee named therein. At the time it was served, the garnishee had nothing in its hands belonging to the defendant; subsequently, before the return day of the writ and before the filing of interrogatories, money belonging to defendant did come into the hands of the garnishee. The question to be decided is: Did the attachment bind this money? The court below determined that it did not and discharged a rule for judgment against the garnishee; plaintiff has appealed.

When account is taken of the purpose served by and the object in the use of the writ of foreign attachment, the logical correctness of the conclusion of the court below becomes manifest. Its purpose is to seize property of a nonresident defendant which is within the jurisdiction, and the object in its use is that, through its grasp on his property, the defendant may be compelled to come into the jurisdiction to meet the debt due: Raymond v. Leishman, 243 Pa. 64. The foundation for the writ is the nonresidence of the defendant and the existence of property belonging to him within the jurisdiction. "The object of a writ of foreign attachment is to compel the appearance of defendant; and, to authorize such writ, he must have property within the jurisdiction of the court; otherwise there is nothing to attach and no means of compelling an appearance or of securing the plaintiff's claim......The first object of such proceeding is to seize the property of the absent debtor; when there is none, the action falls......It does not follow, because such writ binds property thereafter coming into the hands of the garnishee, that it can be sustained

without something in the first instance to attach":
Mindlin v. Saxony Spinning Co., 261 Pa. 354, 356. Unless there is some property of the defendant in the garnishee's hands when the writ is served, it has nothing it can attach. It is not process directed against the garnishee, who is a stranger to the transactions between plaintiff and defendant, but against property in his hands. When there is no property in his keeping at the time of service, the writ is a water haul and service on the empty handed garnishee amounts to nothing. It is not service on him but through him on defendant's property which gives it life. What was said by Judge HENDERSON, speaking for the Superior Court, in Falk v. American Ry. Ex. Co., 79 Pa. Superior Ct. 99, 101, answers with convincing reasoning the entire argument of appellant: "The writ of foreign attachment is a proceeding against property and the thing to be attached must be within the jurisdiction of the court......If he [the sheriff] fail to find any person in whose possession there is property, tangible or intangible, of the debtor, there is no attachment and the proceeding falls. It does not avail that some one be garnished who has no visible property or chose in action to which the defendant is entitled, for the sheriff is without authority to warn such person, nor is he subject to the process of the court, for if no property is bound no one can be bound as garnishee. ......If no property be seized, there is neither person nor property within the operation of the court's process. ......It has been held that accumulations of property are subject to the operation of the attachment, but that clearly implies a subject to which accumulations may be referred; that is a *subsisting* attachment of property. It was not intended to establish the rule that a writ of attachment returned by the sheriff and operating on nothing would have vitality through a period of months or years to bind property subsequently coming into the hands of the person named in the writ as garnishee and bring it under the control of the court. Such a construc-

tion we regard as inconsistent with the letter and spirit of the foreign attachment legislation, and not in harmony with the decisions of our courts. Its effect would be to create surprise, vexation and loss in many instances and would make the writ of foreign attachment a trap in which the innocent might be ensnared." The only lack of similarity between that case and the present one is that here the property came into the hands of the garnishee prior to the return day of the writ. There is no basis in reason, however, for a different result to be reached because of that fact and we so hold.

The cases cited by appellant as authority for the position that its attachment is good can all be readily distinguished except Silverwood v. Bellas, 8 Watts 420. That case is no longer an authority and we now expressly overrule it. As to the others, all except one of them are concerned with attachment executions and not writs of foreign attachment. As will be readily apprehended the object to be attained by a writ of foreign attachment is not the same as that sought by an attachment execution. Franklin Fire Ins. Co. v. West, 8 W. & S. 350, was a foreign attachment, where, at the time of service of the writ, the garnishee was liable to the defendant under a fire insurance policy, a fire having occurred and it was only the amount of the indebtedness that was settled or became fixed subsequent to the service. We will not increase the length of this opinion by an analysis of each of these cases.* Even if they held, as appellant's counsel argue they do, they would be out of harmony with sound reason when the purpose of the writ of foreign attachment is considered and would not be followed. The character of foreign attachment as a proceeding in rem cannot be transmuted into an action in personam against the garnishee unless the initial

---

*The cases are Franklin Fire Ins. Co. v. West, 8 W. & S. 350; Sheetz v. Hobensack, 20 Pa. 412; Mahon v. Kunkle, 50 Pa. 216; Bremer's Sons v. Mohn, 169 Pa. 91; Somerset Coal Co. v. Diamond State Steel Co., 224 Pa. 217; Glazier v. Jacobs, 250 Pa. 357.

requisite of jurisdiction exists, namely, property or a right in property, of the defendant, in the hands of the garnishee at the time of service.

The order of the court below discharging the rule for judgment against the garnishee is affirmed at appellant's cost.