Rankin *v.* Culver (et al.), Appellant.

Argued March 17, 1931.   Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*John P. Patterson,* for appellants.—The court failed to distinguish between a partner's interest in an unsettled partnership and a partner's right in specific partnership property. The former is intangible property, while the latter is tangible. The court affirmed the proposition that the former is not subject to execution attachment, but held that it is subject to foreign attachment. In so holding, the court, we submit, erred. The reason why such interest is not subject to either execution or foreign attachment is because of the nature of the interest: Joseph Horne Co. v. Petty, 192 Pa. 32; Alter v. Brooke, 9 Phila. 260; Falk Co. v. Express Co., 79 Pa. Superior Ct. 99.

That no partnership effects were attached by the writ in the case at bar is shown by the return of the sheriff to the writ: P. R. R. v. Pennock, 51 Pa. 244; Glenny v. Boyd, 26 Pa. Superior Ct. 380; Morgan v. Watmough, 5 Wharton 125; Jaffray's App., 101 Pa. 583.

*W. T. Tredway,* for appellee, cited: McCarty v. Emlin, 2 Dallas 277; Franklin Fire Ins. Co. v. West, 8 W. & S. 350; Morgan v. Watmough, 5 Wharton 125.

Opinion by Mr. Justice Walling, April 13, 1931:
Conrad S. Culver, the defendant, a nonresident, owned a three-sevenths interest in a partnership doing busi-

ness in Pittsburgh as Central Cafeteria, of which Harry H. Carr was manager and part owner. On July 3, 1929, the plaintiff, W. W. Rankin, issued a writ of foreign attachment against the defendant which same day the sheriff served by attaching his interest in the partnership. The defendant was not served and never appeared, but at the end of the third term judgment was taken against him and liquidated by the prothonotary at $3,960.19. Meantime, beginning with the month that the attachment was issued, Carr, manager of the partnership and a garnishee, continued to pay Culver from time to time his share of the net earnings of the partnership, so that Carr, in June, 1930, answering the interrogatories for himself and the partnership, admitted that such payments amounted to $4,285.80. Thereupon, a rule for judgment against the garnishees, on the answers to the interrogatories, was made absolute and Carr and the partnership each has appealed.

We find nothing in the record calling for a reversal or for an extended discussion. The object of seizing the property of a nonresident defendant by a writ of foreign attachment is to compel an appearance (Kennedy, Inc., v. Schleidl, 290 Pa. 38; Mindlin et al. v. Saxony S. Co. et al., 261 Pa. 354; Sheetz v. Hobensack, 20 Pa. 412; Falk Co. v. Am. Ry. Express Co., 79 Pa. Superior Ct. 99), and under the statute (Act of June 13, 1836, P. L. 580, 2 Purdon's Digest (13th edition), 1712), the real and personal property of the defendant are subject thereto. The interest of a partner in firm assets is personalty, and as such liable to foreign attachment: Morgan v. Watmouth, 5 Wh. 125. The writ holds the partner's undivided interest, whatever it may prove to be, and is properly served, as here, upon the manager in charge of the business, who, with the partnership, is properly summoned as garnishee. That an execution attachment will not lie against a partner's interest in firm property (see Horne & Co. v. Petty, 192 Pa. 32, 38; Importers

and Traders Nat. Bank v. Lyons, 195 Pa. 479, 482), is not controlling here. There the purpose is to collect a judgment and not to compel an appearance and it is under separate statutory provisions. See Act of June 16, 1836, P. L. 767, 2 Purdon's Digest (13th edition), 1532, and other statutes relating thereto.

Of course, a writ of foreign attachment can be maintained only where the nonresident defendant has property which can be seized thereon. Where he has no such property the writ falls: Kennedy, Inc., v. Schleidl, supra; Mindlin v. Saxony S. Co. et al., supra; Falk v. Am. Ry. Express Co., supra; P. R. R. Co. v. Pennock, 51 Pa. 244. A defendant cannot be compelled to appear by attaching that which he has not. Here there was property, to wit, ownership of a share of partnership assets; hence, the attachment was valid. This being so, it bound not only the property of the defendant in the hands of the garnishees when the writ was served, but whatever they might thereafter receive: Kennedy, Inc., v. Schleidl, supra; Franklin Fire Ins. Co. v. West, 8 W. & S. 350. Had there been no property of the defendant in the hands of the garnishees when the writ was served it would have fallen, as above stated, and defendant's property thereafter received by them would not be bound thereby.

The partnership known as the Central Cafeteria was a prosperous business and between the service of the writ and the filing of the garnishee's answers the garnishees had paid defendant as his share of the net profits various sums aggregating $4,285.80, as above stated. This was in defiance of the attachment and rendered the garnishees personally liable to the plaintiff. His claim being less than the sums so paid the defendant, the trial court entered judgment against the garnishees, on their answers, for the amount of the claim. The answers clearly showing a liability greater than plaintiff's claim,

the judgment thereon was properly entered. See Allegheny Savings Bank v. Meyer, 59 Pa. 361.

The trial court disposed of the case with entire accuracy and the judgment is affirmed.