## Commonwealth v. Mitchell et al.

*Gilbert Long*, for plaintiff.
*Arthur Mitchell*, in persona propria.
*Jamison & Jamison*, for garnishee.

BRAHAM, P. J., July 25, 1949.—The action is attachment execution based upon a judgment confessed on a bond given by defendant, Arthur Mitchell, in quarter sessions court for the support of his wife and son. Judgment was confessed on March 8, 1947, and attachment execution was issued April 11, 1947, summoning the Pennsylvania Railroad Company as garnishee. Interrogatories were issued on the same date and on April 29, 1947, garnishee filed its answer admitting indebtedness to defendant in the sum of $10.67 for wages only. Nothing further was done in the case until June 10, 1949, when Jean Mitchell, wife of defendant, filed the petition which is now before the court praying for an order directing garnishee "to make payments to the Probation Office of the County of Lawrence and deduct the same as provided by law

from the wages of defendant for the support of the defendant's minor son". The wife was divorced after the filing of the attachment and before the filing of the petition. Upon this petition a rule was issued which was answered by garnishee by denying the taking of any judgment against it and further denying the power of the court to grant the order prayed for.

It was long the law of this Commonwealth that wages could not be attached, certainly after the Act of April 15, 1845, P. L. 459, sec. 5, 42 PS §886. However, by the Act of April 15, 1913, P. L. 72, the later Act of May 10, 1921, P. L. 434, and the present Penal Code of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733 the legislature has empowered the courts to "issue the appropriate writ of execution against any property, real or personal, belonging to the defendant, and its writ of attachment execution against any money or property to which he may be . . . entitled" to secure payment of an order for the support of wife or children (quotation from the Act of 1939). In Commonwealth ex rel. Deutsch v. Deutsch, 347 Pa. 66, it was held that this language authorizes attachment of wages. Hartman v. Columbia Malleable Castings Co., 164 Pa. Superior Ct. 1, 8, and Commonwealth v. Berfield, 160 Pa. Superior Ct. 438, 442, support the same point.

Assuming, therefore, that wages may be attached to secure payment of support for wife and children, to what court has this power been given? The Act of 1913 and the Act of 1939 say the court of quarter sessions but the Act of 1921 provides that "whenever any court of competent jurisdiction has made an order or entered a decree or judgment against any husband requiring him to pay any sum . . . for the support of his wife or children or both". This language was quoted by Mr. Justice Stern in Commonwealth v. Deutsch, supra, a case in which the order of the quarter

sessions was certified to the common pleas and the attachment execution issued by the latter court. Obviously the procedure in the Deutsch case was little different than in the case at bar where judgment was confessed in the common pleas upon a bond required of defendant by the quarter sessions. The same principles are here controlling. The Act of 1921 was not repealed by the Act of 1939: Commonwealth ex rel. Chrstos v. Chrstos, 156 Pa. Superior Ct. 238.

The other material point for decision in the case is whether the attachment, once served on the employer as garnishee, operates to bind wages thereafter earned. The old precedents on the point rule to the contrary: Fulweiler v. Hughes, 17 Pa. 440, 447; Tracy v. Bridges, 2 Miles 352; Anno. 56 A. L. R. 634; 4 Am. Jur. 755. But the steady progress of the law can be observed until now the cases seem to indicate that an attachment of wages binds wages earned between the time of attachment and the time of trial.

Certainly this is the rule as to claims other than wages. In Sheetz v. Hobensack, 20 Pa. 412, it was held attachment execution bound after-acquired funds. In Hays v. Lycoming Fire Insurance Co. and Logan, Garnishee, 99 Pa. 621, an attachment of the amount due a mutual fire insurance company by one of its stockholders was held to bind the liability under an assessment not yet made. In Somerset Coal Co. v. Diamond State Steel Co., 224 Pa. 217, 220, the court said:

"The effect of an attachment, however, is to bind all funds of the defendant debtor that come into the hands of the garnishee after service of the writ and before judgment is entered."

In Glazier v. Jacobs, 250 Pa. 357, attachment was sustained as to money coming into the hands of garnishee after the levy and before the filing of the answer to interrogatories. In Frazier et al., exrs., v. Berg, defendant, and Greenfield, garnishee, 306 Pa. 317, it

was held that attachment execution bound rents received by garnishee up to the time of trial. In Pennsylvania Co., exr., v. Youngman et al., 314 Pa. 277, an attachment execution issued September 17, 1910, as to which garnishee filed answers to interrogatories on April 11, 1913. The certainty of defendant's interest in the estate which was attached did not appear until the death of defendant's father December 25, 1930. The case was tried in 1932. The court said:

"Defendant did not plead to the writ, or move to dissolve for laches in prosecution, irregularity, or for any other reason. It, therefore, remained alive as a continuous assertion of the claim in the circumstances. Such a writ gives the defendant 'a day in court, in which he can have full power to make any defense that he could make in a scire facias'. Gemmill v. Butler, 4 Pa. 232, 234. Plaintiff might, of course, have discontinued the attachment, and issued another, accompanying it (in March, 1913) with the interrogatories issued, but this was not essential because a live writ was then pending and available. Accordingly, in 1913, when plaintiff issued the interrogatories, as an additional step in the execution, they were as effectually supported by the writ of attachment (Gilmore v. Alexander, 268 Pa. 415, 420, 424, 112 A. 9; Frazier v. Berg, 306 Pa. 317, 325, 159 A. 541) as if the existing writ had been discontinued and a new attachment issued."

Attachment execution will not bind an unliquidated tort claim; yet in Sniderman et al. v. Nerone et al., 136 Pa. Superior Ct. 381, it was held that when a verdict had been secured the claim was bound by an attachment, notwithstanding a new trial was afterwards granted. In Lippincott et al. v. Lippincott et al., 349 Pa. 501, the court held an attachment execution to be a continuing levy upon a spendthrift trust.

Do the principles of law which accord binding effect to money which comes into the hands of garnishee or debts which become due to defendant from garnishee up to the time of trial apply to cases of attachment of wages for nonsupport of wife or children? If future wages may be attached it follows from the language of the Act of 1921 which provides: "and the said writ of attachment execution shall become a lien and continuing levy" and the Act of 1939 which provides:

"The court may also issue . . . its writ of attachment execution against any money or property to which he may be in any way entitled, whether under what is known as a spendthrift trust or otherwise, which shall not exceed fifty percentum thereof, and shall remain a continuing levy until the order has been paid in full with costs."

We do not undertake to decide this important question now because neither side seems fully to have considered it.

Decision of the practical aspects of the case must suffice for the present. Counsel for plaintiff has indicated that the proceeding was brought because of uncertainty as to the next step in getting money for the support of defendant's minor son. The petition itself is very meagre and no evidence has been taken.

It is our opinion and ruling that the court of common pleas has no power in an attachment execution, based upon judgment obtained by confession on a bond required of defendant in a nonsupport case, to make the kind of informal charging order here sought. Whether such an order may be made in the quarter sessions is not before the court and is not considered. Certainly plaintiff has not exhausted the remedies available. Other interrogatories may be filed and the present case brought to trial and judgment.

In such proceedings after full consideration and with the benefit of the researches of counsel we may decide the important questions here pointed out. By leaving the case free for further proceedings and without attempting to decide it now we make it possible for plaintiff to proceed and for garnishee to take such exceptions as may be indicated in view of the importance and comparative novelty of the question. Accordingly, we make the following

*Order*

Now, July 25, 1949, the petition for a changing order filed June 10, 1949, is refused without prejudice to plaintiff's right to proceed further with the attachment execution.