Best TV, Inc., Appellant, *v.* Simberg.

102

Argued November 21, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*Jacob J. Kilimnik,* for appellant.

*Herbert Somerson,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 7, 1964:

Plaintiff brought an action of foreign attachment against defendants who were non-residents, and Melville Storage Co., garnishee. The lower Court found that garnishee, at the time of service of the writ, had no property of or belonging or owing to defendant-debtor Simberg or Kohlhof. Plaintiff contends that the television sets which it attempted to attach in the possession of the garnishee were the property of defendant Simberg as a result of his fraudulent conversion (with the connivance of defendant Kohlhof), whereas the lower Court found that the property sought to be attached was either the property of plaintiff or of Muntz TV,* a foreign corporation which was plaintiff's principal wholesale supplier. The evidence

---

* Kohlhof never appeared and Muntz TV was in reorganization.

adequately supported the Court's factual findings and justified its conclusions. *Falk & Co. v. South Texas Cotton Oil Co.,* 368 Pa. 199, 82 A. 2d 27; *Atkins v. Canadian SKF Co.,* 353 Pa. 312, 45 A. 2d 28.

This case is controlled by *Falk & Co.,* 368 Pa., supra, where the Court said (page 205) : "It is well settled that: 'A writ of foreign attachment is an original writ. It is used to commence an action, not against a person but against a res. "The foundation for the writ is the non-residence of the defendant . . . within the jurisdiction": Kennedy v. Schleindl, 290 Pa. 38, 40, 137 A. 815. If there is no res to be attached at the time of service of the writ, the proceeding is a nullity. ". . . but if when the writ is served the garnishee has nothing belonging or owing to the defendant, the attachment is fruitless and a nullity": [citing numerous cases].' "

Order affirmed.