NEDERLANDSCHE HANDEL-MAAT-SCHAPPIJ, N.V. (Netherlands Trading Society)

v.

SENTRY CORPORATION.

Civ. A. 24280, 24281.

United States District Court
E. D. Pennsylvania.

June 25, 1958.

On Motion to Amend in No. 24,280
July 24, 1958.

Hamilton C. Connor, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

Arnold R. Ginsburg, Blank, Rudenko & Klaus, Philadelphia, Pa., for defendant.

EGAN, District Judge.

These two actions arise out of the same situation and will be disposed of at one time. Originally begun in the state courts, they were removed here on motion of the defendant because of the diversity of citizenship that exists.

The plaintiff, Netherlands Trading Society, a commercial banking house, is a Dutch corporation having its principal place of business in this country, in New York City. Defendant, Sentry Corporation, is a Delaware corporation having its principal place of business in Philadelphia. It is a holding company owning outright the stock of four subsidiary companies, including that of Sentry Sanitary Corporation.

In the course of business, plaintiff became the holder of two of a series of six promissory notes issued by the defendant, Sentry Corporation, each in the amount of $60,000 and both payable February 15, 1958. These notes were not paid at maturity and three days later, on February 18, 1958, plaintiff instituted foreign attachment proceedings in assumpsit against the defendant to recover on the notes in the Common Pleas Court of Philadelphia County. In accordance with state court practice, plaintiff later filed its complaint in that case setting forth its cause of action, a copy of which was served on the defendant.

The Liberty Real Estate Bank and Trust Company and the Sentry Sanitary Corporation were named as garnishees in the attachment proceedings. The bank filed its report as garnishee in the state court stating that it holds funds of the defendant in the amount of $3,283.32. No return has yet been filed by Sentry Sanitary Corporation.

A few days after the foreign attachment proceedings were instituted, the plaintiff, by way of ancillary proceedings, filed a complaint in equity against the defendant, also in the Common Pleas Court of Philadelphia, in which it sought, inter alia, a mandatory injunction ordering and directing the defendant to deliver certificates for the stock of its four subsidiaries to the Sheriff of Philadelphia County in order that they might be made subject to the foreign attachment.

The Common Pleas Court issued a rule to show cause why the injunctive relief prayed for in the complaint in equity should not be granted preliminarily and fixed a date for hearing. Before hearing could be held, the defendant removed to this Court, the original action in foreign attachment, becoming Civil Action No. 24280 and the equity proceedings becoming Civil Action No. 24281. Plaintiff renewed its motion for a preliminary injunction in the latter case after it landed here, except that it now asked that the United States Marshal be the custodian instead of the Sheriff of Philadelphia County.

On February 20, 1958, a few days after the commencement of the assumpsit action in the Pennsylvania court, the defendant, Sentry Corporation, instituted suit in the United States District Court for the Southern District of New York against the several holders of the series of notes referred to, including plaintiff here, wherein it seeks, inter alia, to rescind the transaction out of which they were originally issued.[1]

In substance, defendant alleges that the plaintiff is not a holder in due course; that the notes in question were delivered to a payee who negotiated them to plaintiff and others under suspicious circumstances and that by reason of the payee's fraud, there was a failure of consideration of which plaintiff had actual or constructive notice prior to the time it took the notes.

Obviously we are not here concerned with the merits of the controversy. The only matters before us for decision at this time are the motions filed by the respective parties which are:

1. Plaintiffs motion for preliminary injunction.

2. Defendant's motion for stay of motion for preliminary injunction (C.A. No. 24281).

3. Defendant's motion for dismissal of motion for preliminary injunction (C. A. No. 24281).

4. Defendant's motion for stay of the assumpsit action (C.A. No. 24280).

5. Defendant's motion for dismissal of assumpsit action (C.A. No. 24280).[2]

These motions are before us on the pleadings and defendant's supporting affidavit. Upon consideration of briefs and oral argument, plaintiff's motion for preliminary injunction will be denied.

In pursuing its attempt to attach the securities in question, plaintiff relies on § 8–317 of the Uniform Commercial Code, 12A P.S. (Purdon's Pa.Stat.Anno.) which states:

(1) No attachment or levy upon a security or any share or other interest evidenced thereby which is outstanding shall be valid until the security is actually seized by the officer making the attachment or levy but a security which has been surrendered to the issuer may be attached or levied upon at the source.

(2) A creditor whose debtor is the owner of a security shall be entitled to such aid from courts of appropriate jurisdiction, by injunction or otherwise, in reaching such security or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process.

---

1. Civil Action No. 130–119 (S.D.N.Y.).

2. Originally, two additional motions were filed, both of which have been abandoned, i. e. defendant's motion for more definite statement (C. A. No. 24280) and motion by Sentry Sanitary Corporation to dismiss.

The defendant asserts that the securities cannot be attached because they are without the geographical limits of this Court and therefore beyond the jurisdiction and not subject to our decrees. With this we agree. It is well established that the basis for a writ of foreign attachment is the presence of property within the jurisdiction of the Court. 3 P.L.E. Attachment § 51, Falk & Co. v. South Tex. Cotton Oil Co., 1951, 368 Pa. 199, 82 A.2d 27; Atkins v. Canadian SKF Co., 1946, 353 Pa. 312, 45 A.2d 28; Mindlin v. Saxony Spinning Co., 1918, 261 Pa. 354, 104 A. 598.

Since there appears to be no controversy over the allegation that the securities in question are in a place other than Pennsylvania, it is clear that this Court lacks jurisdiction over them and plaintiff's motion for a preliminary injunction must fall.

In pressing for its preliminary and mandatory injunction, plaintiff asks us to establish a novel precedent, one for which we can find no legal or decisional basis under Pennsylvania law. Plaintiff asks us to compel the defendant to withdraw from other states and bring back to this district and place in the hands of the United States Marshal the capital stock in defendant's four subsidiaries, to await a favorable judgment which may never come. Clearly this would be a break with the traditional role of suits in foreign attachment in Pennsylvania and one not contemplated by the rules. See 2 Goodrich-Amram, §§ 1251–7, 1252–10, 1253–11, 1254–2. Furthermore, if we treat defendant's "motion for dismissal of motion for preliminary injunction" (number 3 above) as a motion for summary judgment (Rule 12(b) F.R.C.P., 28 U.S.C.A.) and recognize the uncontroverted fact that is alleged in defendant's affidavit that none of the stock certificates in question are now and never were in Pennsylvania, the motion must be granted and the equity proceedings (C.A. No. 24281) must be dismissed. To deny the injunction for lack of jurisdiction of the subject matter and to retain the complaint would be meaningless.

The foreign attachment proceedings in assumpsit (C.A. No. 24280) fall into a different category. There, it will be remembered, plaintiff attached the sum of $3,283.32 belonging to defendant which was in the hands of the Liberty Real Estate Bank and Trust Company as garnishee. To dismiss that action or to stay proceedings on it until the New York litigation is ended, as requested by the defendant, would, in our opinion, work an injustice on plaintiff.

Defendant urges us to use our discretionary power to stay further proceedings in the assumpsit action pending the outcome of the New York action. It is alleged that the New York action is much broader in scope and would, in a single action, determine the liability of Sentry Corporation to *all* the noteholders.

Aside from the fact that there is no suggestion that there is a community of interest between the noteholders and that the notes are complete instruments in themselves and show no internal connection, one to the other, we think it would be most inequitable to "freeze" the fund attached or to dismiss the action and free the fund entirely. We doubt that we have the legal power so to do.

Defendant recognizes a weakness in its own position when it states that it will enter into a stipulation permitting the plaintiff to counter-claim in the New York action to avoid any conflict with Rule 13(a) relating to compulsory counterclaims. This would be of little help to the plaintiff if the fund were released and perhaps dissipated before the rights of the parties were determined.

Brendle v. Smith, D.C.S.D.N.Y.1942, 46 F.Supp. 522, a case cited by defendant, is of greater comfort to the plaintiff than defendant. There it is stated at page 526:

"* * * If the motion be for a stay the court must consider whether the parties and the subject matter in the action to be stayed are em-

braced within the action which is to be given right of way; whether the dominant action is being prosecuted with skill, zeal and integrity; whether there is a risk of collusion; if the dominant action is in another forum, *whether it affords an adequate remedy.* * * *"* (Emphasis supplied.)

Obviously the plaintiff here would not have an adequate remedy in the New York proceedings. One of the purposes of foreign attachment is to secure a fund out of which plaintiff's claim may be paid after it is reduced to judgment. By its alertness, plaintiff has secured a partial fund and we can see no reason why we should release it to enable defendant to proceed in another forum that it feels will be of greater convenience to it. For these reasons, defendant's motion for stay in Civil Action No. 24280 and defendant's motion for dismissal of Civil Action No. 24280 will be denied.

### Order

And Now, June 25, 1958, It Is Ordered and Decreed as follows:

1. Plaintiff's motion for preliminary injunction in Civil Action No. 24281 is Denied.

2. Defendant's motion for stay in Civil Action No. 24281, disposed of under No. 1 above, is, for the purposes of clarity, hereby Denied.

3. Defendant's motion to dismiss in Civil Action No. 24281, although disposed of under No. 1 above, is treated as a motion for summary judgment and for the purposes of clarity, summary judgment is hereby entered in favor of the defendant dismissing said action.

4. Defendant's motion for stay in Civil Action No. 24280 is Denied.

5. Defendant's motion to dismiss in Civil Action No. 24280 is Denied.

### Memorandum and Order Sur Motion of Defendant To Amend Order of June 25, 1958.

Defendant moves for a modification of our Opinion and Order filed in this matter on June 25, 1958. The facts are sufficiently stated therein and therefore will only be repeated here in broad outline.

Plaintiff, (Netherlands) as a holder of two negotiable promissory notes for $60,000. each, instituted suit in the Common Pleas Court of Philadelphia County against the defendant-maker for failure to honor said notes at maturity. The action was then removed to this Court. The two notes in question were part of a series of four, each in the amount of $60,000.

A few days after this suit was begun, defendant instituted an action in the Southern District of New York, wherein it joined as parties-defendant *all* the holders of the notes, including Netherlands Trading Society, seeking inter alia the rescission of the transaction out of which the notes were issued.

In concomitant motions, Sentry moved the New York Court to enjoin Netherlands from proceeding in the Eastern District of Pennsylvania, and moved *this* Court to stay or dismiss the instant suit. Our determination *denying* Sentry's motions preceded the New York Court's *granting* Sentry's motion. (See Memorandum of Bicks, D. J., filed July 8, 1958 in the case of Sentry Corporation v. Conal International Corp., D.C., 164 F. Supp. 770.

In view of the Southern District's Opinion, the following Order is hereby entered:

### Order

And Now, July 24, 1958, No. 4 of our Order of June 25, 1958 is modified to read as follows:

4. Defendant's motion for stay in Civil Action No. 24280 is Granted pending the final determination in Civil Action No. 130–119, Southern District of New York, or until further Order of this Court.