■ PETER NAPOLI, Respondent, v ALFRED CARRANO, Appellant. In the Matter of PETER NAPOLI, Petitioner, ALFRED CARRANO et al., Appellants, and DORIS CARRANO, Respondent. — In a consolidated action and proceeding, *inter alia,* to direct defendant corporation and its majority shareholders to reinstate plaintiff Peter Napoli as an officer and employee of the corporation and seeking damages for breach of contract, Alfred Carrano and Car-Nap Electric Sales, Inc., appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Murphy, J.), dated September 30, 1983, as awarded plaintiff the principal sums of $59,050 in back salary, $144,000 in compensatory damages, $5,000 in punitive damages and $20,000 in attorney's fees.

Judgment affirmed insofar as appealed from, with costs.

We find no merit to appellants' claim that Peter Napoli's employment was at will. There is an implicit exception in provisions requiring unanimous consent to remove an employee where removal is for good cause shown (*Fells v Katz,* 256 NY 67). The purported reasons given by appellant Carrano were mere pretexts for his action and Special Term correctly concluded that they were insufficient to constitute good cause. Accordingly, Carrano was in breach of the shareholders' agreement and of his fiduciary obligation as the majority shareholder, and plaintiff was entitled to compensatory damages including lost wages and

the value of his shares (*Southern Pacific Co. v Bogert,* 250 US 483; *Kavanaugh v Kavanaugh Knitting Co.,* 226 NY 185; *Matter of Topper v Park Sheraton Pharmacy,* 107 Misc 2d 25; *cf.* Business Corporation Law § 1104-a). The provisions of the shareholders' agreement governing voluntary sales of shares are not applicable in this case.

Further, Special Term did not abuse its discretion in awarding punitive damages given the circumstances and the manner in which Carrano carried out the termination in this case and the great disparity between the fair value of Napoli's shares and the amount Carrano offered. Similarly, we decline to overturn Special Term's exercise of discretion awarding attorneys' fees (*cf.* Business Corporation Law § 263 [h] [7]; *Matter of Fleischer [Gift Pax, Inc.],* 79 AD2d. 636; *Matter of Blake v Blake Agency,* 107 AD2d 139).

We find no error was committed by Special Term in fixing the value of Peter Napoli's shares at $144,000 based upon the thorough testimony and analysis by his expert witness (*Matter of Endicott Johnson Corp. v Bade,* 37 NY2d 585; *Matter of Blake v Blake Agency,* 107 AD2d 139, *supra;* Rev Rul 59-60, 1959-1 CB 237; Rev Rul 65-193, 1965-2 CB 370). Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.