■ In the Matter of the Estate of JULES NELSON, Also Known as JULES I. NELSON, Deceased. SAMUEL N. GREENSPOON et al., as Preliminary Executors of JULES NELSON, Also Known as JULES I. NELSON, Deceased, Appellants; CLAIRE NELSON, Respondent. ▬

This is an appeal by Samuel N. Greenspoon and Helen Gioulis, as preliminary executors of the estate of Jules Nelson, deceased. In 1980, Jules Nelson and Claire Nelson entered into a separation agreement, dividing their assets. They also waived their right to take against each other's estate. After one year, in 1981, Jules Nelson brought a conversion divorce action, based on the one-year separation. Claire Nelson counterclaimed for divorce and also counterclaimed to set aside the separation agreement as unfair and overreaching. While that action was pending, Jules Nelson died. Samuel N. Greenspoon and Helen Gioulis are the preliminary executors of Jules Nelson's estate.

The instant action involves property known as Stonebury, located in Bucks County, Pennsylvania. It was originally held by Jules and Claire Nelson as tenants by the entirety. They transferred title to American Public Energy Corp. (APEC), for which they were paid $385,456. After paying off the mortgage, Jules and Claire received just over $100,000 each. APEC is a wholly owned subsidiary of Hosiery Corp. of America (HCA), which was wholly owned by Jules and Claire Nelson. As part of the separation agreement between the Nelsons, Claire Nelson sold all her HCA stock to Jules for $1,250,000. In November 1983, when Jules died, the HCA stock was a primary asset of his estate. Shortly before Jules died, Claire brought an action in Federal court for damages in the amount of $600,000, claiming that Jules and his attorney, Samuel N. Greenspoon, had conspired to deprive her of her interest in Stonebury.

Greenspoon and Gioulis commenced a probate proceeding in Surrogate's Court, New York County, offering Jules Nelson's testamentary instruments. Claire Nelson commenced a probate

proceeding in Pennsylvania, but personally appeared in the New York proceeding to contest jurisdiction. She also contested the fitness of the named executors, although all other beneficiaries consented to the appointment of those nominated (Greenspoon & Gioulis). Surrogate Roth overruled the jurisdictional objection and appointed Greenspoon and Gioulis preliminary executors, requiring them to post a $1 million bond.

Claire Nelson requested that Surrogate Roth put certain protective provisions in the settlement order, restricting the alienability of HCA and its shares, and when denied, she sought a preliminary injunction through the Supreme Court divorce action. This too was denied. In October 1984, Surrogate Lambert, who was holding a hearing on the fitness of the preliminary executors, granted the TRO based on counsel's averment that no previous application therefor had been made, a statement clearly not borne out by the record.

The drastic remedy of a preliminary injunction only issues when the moving party demonstrates a clear basis for the relief requested, a likelihood of success on the merits, irreparable injury absent the preliminary injunction and a balance of the equities that clearly favors granting injunctive relief. (*See, Gulf & W. Corp. v New York Times Co.*, 81 AD2d 772.)

These requisites are not present here. Claire Nelson has not shown that money damages will not suffice in the event she is successful. In fact, in her Federal court action involving this property, she sought money damages of $600,000. She has not shown a likelihood of success on the merits and there will be no irreparable injury absent the preliminary injunction. Concur — Murphy, P. J., Kupferman, Carro and Kassal, JJ.