OPINION OF THE COURT
Edward H. Lehner, J.
The novel issue in this case is whether a person who, by reason of the provisions of a shareholders’ agreement, is entitled to be elected treasurer and secretary of a close corporation, possesses certain powers or is required to be assigned specific duties (other than those prescribed by statute), absent any provision to such effect in the certificate of incorporation, the shareholders’ agreement or the bylaws. This court holds that specific duties are not required nor are specific powers implied.
MOTION BEFORE THE COURT
This is a motion to preliminarily enjoin defendants, a corporation and its majority shareholders and directors, from effecting resolutions of the board of directors which (1) relieved plaintiff of his duties as an employee of the corporation while *433 allowing him to retain his allegedly empty corporate titles of secretary and treasurer; (2) reduced his annual salary from $90,000 to $10,000; and (3) deprived him of the use of an office on the premises of the corporation. Defendants cross-move to dismiss the complaint.
THE CONTENTIONS OF THE PARTIES
Plaintiff claims that, by removing him as a signatory from all the corporation’s bank accounts and by divesting him of the powers generally pertaining to his corporate offices of secretary and treasurer, the other directors have violated the shareholder agreement, the bylaws, and Business Corporation Law § 715 (g), which section grants officers such authority and duties as may be provided in the bylaws.
Plaintiff asserts that he has been responsible for all the corporate financial affairs, signing virtually all corporate checks, overseeing the approval of corporate payments, and supervising the corporation’s relationship with its banks and independent accountants. He also claims to be the corporation’s buyer of raw materials for its manufacturing business and responsible for: its physical plants, including showroom, offices and manufacturing facility; its real estate transactions; the interior design of its premises; the hiring and firing and supervision of a substantial portion of the employees; inventory control; and negotiating with contractors outside New York and labor unions.
Defendants contend that there is no provision in the shareholders’ agreement or the bylaws setting forth plaintiff’s duties or his salary and thus the resolutions attacked are appropriate corporation action.
THE COMPLAINT
The relief sought in the complaint is for a judgment declaring the resolutions invalid and for a permanent injunction against their enforcement. Plaintiff demands damages for (1) breach of the shareholder agreement and bylaws; (2) violation of the Business Corporation Law; (3) tortious interference with the shareholder agreement; (4) damage to plaintiff’s reputation in the garment industry by reason of the knowledge that he was divested of his duties at defendant corporation.
THE PRELIMINARY INJUNCTION MOTION
To be entitled to a preliminary injunction, a movant must *434 demonstrate (1) a likelihood of success on the merits; (2) irreparable injury absent the granting of the motion; and (3) that a balancing of the equities favors his position. (Matter of Nelson, 110 AD2d 535, 536 [1st Dept 1985]; Faberge Intl. v DiPino, 109 AD2d 235, 240 [1st Dept 1985].) In the latter case the court said (p 240): "Proof establishing these elements must be by affidavit and other competent proof, with evidentiary detail. If key facts are in dispute, the relief will be denied”.
The papers fail to demonstrate the likelihood of success. Therefore, plaintiffs motion is denied.
Initially, the court observes that the facts set forth herein present the type of situation contemplated by the enactment of the dissolution remedy of Business Corporation Law §§ 1104-a and 1118. Since plaintiff is a holder of 25% of the outstanding shares of defendant corporation, more than the 20% required by statute, he has standing to seek such remedy. The allegations appear to amount to a claim that defendants have frustrated plaintiff’s reasonable expectations of sharing in both the profits and management of the corporation which, if proven, may meet the standard of "oppressive” conduct referred to in Business Corporation Law § 1104-a (a) (1). (See, Matter of Kemp & Beatley [Gardstein], 64 NY2d 63 [1984]; Matter of Public Relations Aids, 109 AD2d 502 [1st Dept 1985]; Matter of Gunzberg v Art-Lloyd Metal Prods. Corp., 112 AD2d 423 [2d Dept 1985]; Matter of Wiedy’s Furniture Clearance Center Co., 108 AD2d 81 [3d Dept 1985]; Matter of Barry One Hour Photo Process, 111 Misc 2d 559 [Sup Ct, NY County 1981]; Davidian, Corporate Dissolution in New York: Liberalizing the Rights of Minority Shareholders, 56 St. John’s L Rev 24 [1981].)
Plaintiff herein is confronted with the problems commonly faced by minority shareholders in close corporations whose majority seeks to "freeze” them out of participation. The basic interest of such shareholders is active control over their investments, rather than passive investment in an enterprise to be conducted by the efforts of others. (See, Matter of Kemp & Beatley [Gardstein] 64 NY2d 63, 71, supra.)
The minority’s rights are often protected by the inclusion of prophylactic measures in a shareholders’ agreement and bylaws that attempt to insure that the whims of the majority cannot remove the minority from active participation in corporate management. This goal is frequently achieved both by contracts expressly delineating the conditions, duration and *435 grounds for termination of a shareholder’s employment, and by specifying (in the shareholders’ agreement and bylaws) the duties of such officer-employee and the conditions under which his office is held.
Because of the inherent shareholder interest in active managerial control, the availability of the dissolution remedy is not an adequate substitute for the enforcement of a shareholder’s rights under a contract. Furthermore, in the absence of his anticipated salary or dividends, frequently an only source of income, an allegedly aggrieved shareholder should not be forced to submit to the often drawn-out process of appraisal in order to realize his investment. (See, e.g., Matter of Taines v Barry One Hour Photo Process, 123 Misc 2d 529 [Sup Ct, NY County 1983], affd 108 AD2d 630 [1st Dept 1985] [29 months from filing of petition for dissolution to entry of judgment]; Matter of Fleischer, 107 AD2d 97 [2d Dept 1985] [47 months].)
However, the existence of contractual remedies depends upon the existence of an enforceable agreement.
THE SHAREHOLDER AGREEMENT AND THE BYLAWS
The shareholder agreement requires that each shareholder vote his shares so as to continue plaintiff in the offices of secretary and treasurer so long as he remains a shareholder. The bylaws, reflecting the statutory language (Business Corporation Law § 701), declare that "the business of the corporation shall be managed by its Board of Directors” (art II, § 1).
Article III, § 3 of the bylaws grants the officers such powers and duties (1) "as are set forth in these By-Laws”, (2) "as generally pertain to their respective offices”, and (3) "as from time to time may be conferred upon them by the Board of Directors.” However, none of these three sources of the powers and duties of officers sets forth duties and powers pertaining to plaintiff’s position as secretary and treasurer.
DUTIES OF CORPORATE TREASURER AND SECRETARY
First, nowhere in the bylaws are any duties specifically mentioned.
Second, there are two provisions of the bylaws by which the directors may assign duties to plaintiff, and neither of those provisions mandates that such duties be assigned. The article III, § 3 provision granting officers such powers and duties "as from time to time may be conferred upon them” by the board *436 plainly grants the board discretion, within the limits of the business judgment rule, to assign whatever duties to the officers that it deems appropriate. The implied corollary is that the board may also exercise its discretion to revoke its prior assignment of duties. Article VII, § 1 states that the directors "may appoint the Treasurer or other fiscal officer and/or the Secretary or other officer to cause to be prepared and furnished to shareholders entitled thereto any special financial notice and/or financial statement.” This provision also is an enabling one, granting the board discretion as to whether or not to assign such duties to the named officers. Moreover, even if the board elects to assign such duties, they are not limited to assigning them to plaintiff, as "other fiscal officer” and "any other officer” are alternative appointees.
Third, with respect to duties which "generally pertain to their respective offices”, plaintiff contends that this refers to the duties which he has performed while an officer of the corporation, i.e., the course of dealing between the parties. If this contention were accepted, any change in his duties would automatically be made a violation, thereby rendering corporate governance absurdly impracticable. Such result could not have been intended.
It has observed that "the treasurer of a * * * corporation * * * is ’a mere ministerial agent or employé’, and * * * does not possess, 'by virtue of his office, any implied or ex officio powers of which the courts will take judicial notice’.” (Taylor v Sutherlin-Meade Tobacco Co., 107 Va 787, 792, 60 SE 132, 134 [1908]; accord, Henn & Alexander, Corporations, at 598 [3d ed 1983]; 18B Am Jur 2d, Corporations, § 1539; 15 NY Jur 2d, Business Relationships, § 909.) According to the weight of authority, the same is true of the corporate secretary. (Taylor v Sutherlin-Meade Tobacco Co., supra; Henn & Alexander, op. cit., at 599; 18B Am Jur 2d, op. cit. § 1538; 15 NY Jur 2d, op. cit.)
There is a line of cases indicating that the secretary and treasurer do possess certain duties, but these deal with the rights of third parties to rely on the apparent authority of the officers. (See, e.g., Hastings v Brooklyn Life Ins. Co., 138 NY 473, 479 [1893]; Traitel Marble Co. v Brown Bros., 159 App Div 485, 487 [1st Dept 1913]; Rothman & Schneider v Beckerman, 2 NY2d 493 [1957]; Miners & Merchants’ Bank v Ardsley Hall Co., 113 App Div 194, 203 [1st Dept 1906; Houghton, J., concurring and dissenting].) However, in the case at bar, it is the officer’s actual powers and duties that are in issue.
*437 Under the Business Corporation Law (eff Sept. 1, 1963), the only duties required of either a corporate treasurer or secretary are certain ministerial functions, such as sending or receiving notices and signing certificates. (See, e.g., Business Corporation Law §§ 104, 508, 603, 605, 625, 719.)
That statute, reflecting business reality, "broke new ground” in recognizing "the hybrid character and uniqueness of the closely-held enterprise” (Hoffman, New Horizons for the Close Corporation in New York Under Its New Business Corporation Law, 28 Brooklyn L Rev 1 [1961]). Thus, "the formality of corporate management at the board level, characteristic of the publicly-held corporation, is generally neither feasible nor desirable for the close corporation” (id., at 5). What is true at the board level is true of the officers as well, given the flexible form of such enterprises.
Thus, it does not appear that the offices of treasurer and secretary require that plaintiff be assigned particular duties as a matter of law, other than the aforesaid ministerial duties. Nor has plaintiff made any argument that the duties he seeks to retain are commonly held by corporate treasurers and secretaries, as a matter of custom and usage.
Plaintiff asserts that unless a preliminary injunction is granted "I will be unable to exercise the control over the affairs of Landorf Corp. which I am entitled to exercise as secretary and treasurer in accordance with the shareholders agreement and corporate by-laws”. His motion is denied as the papers do not demonstrate that he has any such right.
THE CROSS MOTION TO DISMISS
As to defendants’ cross motion to dismiss, for the above reasons, the following causes of action are dismissed: the first cause of action, seeking to permanently enjoin the enforcement of the board’s resolutions diminishing plaintiff’s duties as an officer and discharging him as an employee; the third cause of action, seeking damages therefor; and the fourth cause of action, for a judgment declaring said resolution to be invalid.
The second cause of action seeks damages against defendants William Glottstein, Howard Landorf and the Landorf Corporation for breach of the shareholder agreement and bylaws by "relieving Floyd of his duties and responsibilities, reducing his compensation, and refusing to allow him to occupy an office at the Landorf Corp.” As previously discussed, *438 plaintiff is not vested with the right to any specific duties by virtue of the shareholder agreement or the bylaws, and there is, therefore, as to such duties, no contractual right to be breached.
Even if the pleadings are expansively read to construe this as a claim for wrongful discharge, a sufficient claim has not been stated. It is clear that plaintiff lacks a contract of employment with the corporation. The shareholder agreement does not specify any employment, other than the right to be elected treasurer and secretary. Plaintiff was therefore an employee at will, subject to termination without cause. (Murphy v American Home Prods. Corp., 58 NY2d 293 [1983]; O’Connor v Eastman Kodak Co., 65 NY2d 724 [1985].)
It may be, however, that plaintiff can show a breach of the majority shareholders’ fiduciary duties to him. (See, e.g., Alpert v 28 Williams St. Corp., 63 NY2d 557, 568-569 [1984]; Napoli v Carrano, 109 AD2d 828 [2d Dept 1985].) Such fiduciary duties are particularly applicable to close corporations, in which the shareholders are akin to partners. (Fender v Prescott, 101 AD2d 418, 422 [1st Dept 1984], affd 64 NY2d 1077.) Here, it is alleged that plaintiff was refused employment and deprived of his compensation. In a close corporation, since dividends are often provided by means of salaries to shareholders, loss of salary may be the functional equivalent of the denial of participation in dividends. (See, e.g, Matter of Kemp & Beatley [Gardstein], 64 NY2d, at p 74.)
Accordingly, although the court finds that the second cause of action presently fails to state a cause of action and is therefore dismissed, leave is granted for plaintiff to replead, within 20 days after service of a copy of this order, facts (in addition to those set forth herein) that may show a breach by the majority shareholders of their fiduciary duties to him.
The fifth cause of action seeks damages against defendant Steven Glottstein for tortious interference with the agreements among the shareholders and inducement to breach said agreements. A corporate director is not personally liable for causing the corporation to terminate a contract absent his commission of independent tortious acts. (Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]; see also, Robbins v Panitz, 61 NY2d 967, 969 [1984], rearg denied 62 NY2d 803 [officers].) No independent tort has been alleged against this defendant. Further, the complaint is devoid of any facts as to whether this defendant interfered with the agreements or *439 induced their breach. This cause of action is therefore dismissed.
The sixth cause of action must also be dismissed as damage for injuries to plaintiffs reputation in the industry, claimed to have resulted from the allegedly wrongful termination, is not actionable. (MacArthur Constr. Corp. v Coleman, 91 AD2d 906 [1st Dept 1983]; Amaducci v Metropolitan Opera Assn., 33 AD2d 542, 543 [1st Dept 1969].)
In summary, plaintiffs motion for a preliminary injunction is denied. Defendants’ cross motion is granted and the complaint is dismissed in its entirety.