OPINION OF THE COURT
Edward J. Greenfield, J.
This application for equitable intervention in aid of attachment raises a question of first impression in New York as to the applicability of UCC article 8.
Plaintiffs are citizens and residents of the Philippines and, *165 having invested in a corporation engaged in the development of residential and resort properties on the Spanish Mediterranean Coast now contend that there was fraud, misrepresentation and breach of fiduciary duty in connection with the investment. Defendant BPI International Finance Ltd. has counterclaimed for over $6,500,000 on promissory notes issued to guarantee payment for the stock purchased. BPI now moves for an order of attachment under CPLR 6201 et seq. However, it appears that Siy and Ang have no attachable assets in New York. The only attachable assets of which BPI claims to be aware are the holdings of Siy and Ang in Empire Holdings Ltd., which owns the Redwood Bank of California. Their stock assets outside this State are said to be worth tens of millions of dollars.
Since securities can only be attached when actually seized by the Sheriff and put under his dominion and control, BPI seeks to invoke the aid of this court by asking it to issue a preliminary mandatory injunction to direct Siy and Ang to transfer their shares of stock outside this jurisdiction to the State of New York so that such shares can be attached by the Sheriff.
In asking for such relief, BPI relies on UCC 8-316 (6), which section provides: "A creditor whose debtor is the owner of a security shall be entitled to such aid from courts of appropriate jurisdiction, by injunction or otherwise, in reaching such security or in satisfying the claim by means thereof as is allowed at law or in equity in regard to property which cannot readily be reached by ordinary legal process.”
While that section authorizes the court to employ its injunctive powers in reaching securities not readily amenable to ordinary legal process, that must be done in such manner "as is allowed at law or in equity”. Thus, it does not appear that the quoted provision of the Uniform Commercial Code effectively changes the well-grooved requirements under New York law for injunctive relief. Those requirements include likelihood of ultimate success, irreparable injury, no adequate remedy at law and a balancing of the equities. Such requirements are not eliminated by the permissive language of section 8-317 (6) so as to permit the issuance of injunctions to bring assets subject to attachment within the jurisdiction of the court, at the mere behest of any creditor.
It is to be noted that the shares of stock which BPI hopes to attach are not the subject matter of the action and it is not *166 demonstrated that anything is threatened with respect to those assets which might tend to render the judgment ineffectual.
There is no generalized doctrine that plaintiffs or counterclaiming defendants are entitled to have assets subjected to the jurisdiction of this State in order to secure a possible money judgment in the future.
BPI in its pleadings is seeking a money judgment pure and simple. Nevertheless, by way of motion, it asks for sweeping injunctive and equitable relief. There appears to be no persuasive reason why this court should intervene to exercise its equitable powers in so unusual a fashion merely to provide security for a money judgment. There is not even a hint of irreparable injury. Irreparable injury means injury for which an award of monetary damages is inadequate. (Matter of Nelson, 110 AD2d 535, 536.) If Siy and Ang are as wealthy as represented and a New York judgment is entered against them, that judgment, of course, can be enforced in those States in which they do have assets. There is nothing to indicate that they are out to dispose of such extra-State assets to defeat a potential judgment.
There is no New York precedent in support of BPFs contention that this court can issue a mandatory injunction to direct out-of-State assets to be produced here for the purpose of attachment on its action for money allegedly owed on promissory notes.
The cases relied on by BPI to the effect that the traditional standards for injunctive relief are not necessary under UCC 8-317 are not persuasive. In Hodes v Hodes (176 Ore 102, 155 P2d 564), mandatory injunction to compel a defendant to deliver shares to the Sheriff was granted, but based upon an Oregon statute which gave the trial court the power to enjoin a judgment debtor from transferring property subject to execution and where that injunction was ordered after a judgment against the defendant had been entered. BPI here seeks prejudgment, not postjudgment relief.
Inter-Regional Fin. Group v Hashemi (562 F2d 152 [2d Cir 1977]), cited by BPI, involved a prejudgment request for an injunction to deliver stock certificates in aid of attachment. Based on an express finding of likelihood of success and irreparable harm, such an injunction issued. The court found *167 that under Connecticut law, prejudgment injunction in aid of attachment under Connecticut’s UCC 8-317 (Conn Gen Stats Ann § 42a-8-317) could be permitted, since Connecticut law previously authorized such procedure. (Fleming v Gray Mfg. Co., 352 F Supp 724 [US Dist Ct Conn 1973]; White v Leary, 6 Conn Supp 37.) The rule is directly to the contrary however in Pennsylvania. (See, Nederlandsche Handel-Maatschappij, N. V. v Sentry Corp., 163 F Supp 800, 803 [US Dist Ct Pa 1958].)
Also cited by BPI is In re Feit & Drexler (42 Bankr 355 [US Dist Ct 1984], ajfd 760 F2d 406 [2d Cir 1985]) in which District Court Judge Keenan approved a mandatory injunction compelling turnover of property in aid of attachment. In that case, however, there was a showing of a threatened action by a defendant with respect to the subject matter of the action. Unlike the situation here, the action was not for a sum of money only, and the District Court there invoked its authority to compel persons within its jurisdiction to perform acts elsewhere. Judge Keenan relied on the interpretation of the UCC in the Hashemi case (supra) and concluded that mandatory relief was required to maintain the status quo, there being a long history of disregard for court orders, and prior attempts to secrete assets created a substantial risk that the judgment be rendered ineffective.
I am not persuaded that the remedy sought here by BPI is permitted or necessitated by the facts in this case. Here we have a prejudgment application, no threat of irreparable injury and no compelling necessity for a finding that the UCC stakes out new ground beyond the traditional New York purview as to attachment requirements. Even under the Code, prevailing New York law must control. And, it should be noted, even under the UCC, injunctive relief in reaching securities is accorded only to "creditors”. Until it is definitively determined that there is money due and owing, a litigating party at the outset of the lawsuit is a mere claimant, who has not yet been found to be a creditor.
Accordingly, BPI’s application for an order of attachment and for ancillary injunctive relief to compel the delivery of out-of-State assets into this jurisdiction, and for other associated relief is denied in all respects.